UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| GATEWAY ETHANOL, L.L.C. | ) | Case No. 08-22579-DLS |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION FOR ORDER AUTHORIZING MAINTENANCE
OF CASH MANAGEMENT SYSTEM AND CONTINUED USE OF
CERTAIN EXISTING BANK ACCOUNTS, INVESTMENT AND
<u>DEPOSIT PRACTICES AND CERTAIN BUSINESS FORMS</u>**

**COMES NOW** Gateway Ethanol, L.L.C., Debtor and Debtor in Possession ("Debtor"), and submits its <u>Emergency Motion for Order Authorizing Maintenance of Cash Management System and Continued Use of Certain Existing Bank Accounts, Investment and Deposit Practices and Certain Business Forms</u> (the "Motion"). In support of this Motion, Debtor relies on the Affidavit of Frederick S. Loomis in Support of First Day Applications and Motions (the "Loomis Affidavit"). In further support of this Motion, Debtor respectfully represents as follows:

1. On even date with the filing of this Motion (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"). Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

3. Debtor has filed this Motion and an <u>Emergency Motion for Expedited Hearing on Certain Motions and Applications</u> (the "Hearing Motion"). Included within the Hearing Motion is this Motion.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND OF THE DEBTOR

5. The background of this case may be found in the Loomis Affidavit.

## DESCRIPTION OF BANKING SYSTEM

6. Debtor maintains a multipart banking system (the "Cash Management System") to process revenues and expenses. <u>See</u> the Loomis Affidavit.

7. Debtor's Cash Management System is composed of three (3) accounts at The Peoples Bank in Pratt, Kansas. At the present time, only the main operating account has funds and the remaining two accounts have a zero balance.

8. The Peoples Bank is owned by Krey Co. Ltd. ("Krey"), a bank holding company. Mr. Loomis is the president of Krey and is on Krey's board of directors. Mr. Loomis is also on the board of directors of The Peoples Bank, and is the vice president and trust consultant of The Peoples Bank. Additionally, Mr. Loomis is a general partner of White Pines.

9. The account numbers and a general description of the purpose of each of the accounts is set forth on <u>Exhibit A</u> attached hereto.

10. Debtor's Cash Management System operates as follows:

    (a) Debtor issues checks and wire transfers out of its main operating account on a normal basis. Some payments are made utilizing the Federal Reserve wire transfer

system or the automated clearing house (ACH) electronic funds transfer system. Debtor has check stock on site, and internet banking abilities that result in more reasonable service charges. Payments to vendors are made primarily using checks drawn on the main operating account. Certain vendors prefer payments made via ACH, which the Belle Bank internet service helps to facilitate.

(b) Debtor has employed The Peoples Bank to administer its payroll every two weeks. The Peoples Bank has been authorized to withdraw the needed funds from the main operating account to pay Debtor's employees via either direct deposit or check. Amounts which employees defer out of their wages towards the 401(k) plan are transferred out of this operating account into the 401(k) account, described below. Also, The Peoples Bank disperses the state and federal taxes automatically out of the main operating account. There are no vendors other than The Peoples Bank Payroll Department who have been given the rights to remove money automatically from the main operating account. All transactions are approved and initiated by authorized personnel.

(c) If Gateway is not utilizing the Noble Americas Corp. ("Noble") revolving line of credit, sales proceeds from Debtor's products can be deposited into the main operating account. Otherwise, under the Working Capital Facilities Agreement with Noble, all sales dollars must be deposited into what is referred to as the control account, described below. Presently, Noble refuses to allow Gateway access to the line of credit.

(d) The marketers of Debtors products deposit sales proceeds into the control account. The Peoples Bank must receive written authorization from both the Debtor and Noble to make transfers out of the control account. Upon completion of a borrowing base, there is typically a transfer of funds out of the control account back to Noble, with excess funds being

3

transferred to Debtor, to true up and accommodate the status of the borrowing base. Currently, there are no funds in the control account.

(e) The 401(k) account was created as a holding place for deferred wages. Great West Retirement Services ("Great West") has been given authority to automatically retrieve the funds out this account. For security reasons, the account was set up to only hold 401(k) dollars. The 401(k) account contains a balance only from a payday that occurs every other Friday, until the following Monday when Great West removes the funds. Currently, there are no funds in the 401(k) account.

11. The Cash Management System is governed by various documents, agreements, internal procedures and understandings between Debtor and The Peoples Bank. Debtor believes that the rights and remedies afforded to The Peoples Bank, under the various account agreements between Debtor and The Peoples Bank, are consistent with the rights and remedies afforded to any financial institution providing cash management services such as that maintained and utilized by Debtor. The account agreements are voluminous, but will be made available to the Court, the United States Trustee or other parties in interest for inspection upon request.

### RELIEF REQUESTED

12. Because of the nature of Debtor's Cash Management System, it would be difficult, disruptive and expensive for Debtor to close its existing accounts and open new accounts. Additionally, any disruption of the existing system would not only impair current operations, it would interrupt and delay financial reporting by Debtor to the Court because the existing internal accounting system is based on the availability of the data generated as a by-product of the existing Cash Management System.

13. Maintaining Debtor's existing accounts will enhance reorganization efforts and lessen the confusion among employees, vendors, and potential customers that often follows a Chapter 11 filing. Opening new bank accounts would be unduly burdensome, be disruptive to Debtor during this critical initial stage of the chapter 11 process and may take several weeks to complete. Furthermore, Debtor has preprinted check stock that would require unnecessary time and expense to replace.

14. To prevent the possibility that the payment of certain pre-petition obligations will be honored after the Petition Date, Debtor has implemented the following procedures:

> Accounts Payable Accounts – Debtor has, or will have by the time this Motion is heard, ordered a stop-pay with The Peoples Bank for any check drawn on the main operating account numbered below a particular number (the number is at least 100 above the last check Debtor wrote on the account pre-petition unless otherwise ordered by the Court.) Invoices subsequently entered into the system for payment are systematically put on "hold" until individually reviewed by Accounting. Based on the invoice date, delivery date, service date, etc., Accounting will release those invoices related solely to post-petition business activity and follow up on those determined to be partially or completely pre-petition.
>
> (Debtor's proposed letter to The Peoples Bank outlining this procedure is attached hereto and incorporated herein as <u>Exhibit B</u>.)

15. Unless Debtor is allowed to maintain its existing accounts, it will be unable to effect a smooth transition into its Chapter 11 proceeding. Maintenance of the existing accounts will not prejudice any party in interest. However, the inability to maintain existing accounts will prejudice Debtor, as well as its employees, vendors, and providers, as it may take approximately two weeks to receive new checks or may require time and expense in reprogramming certain printers and software. Accordingly, the entry of an order granting the relief requested is in the best interest of Debtor's estate, employees, and creditors.

5

KC01DOCS\904608.1

Case 08-22579    Doc# 8    Filed 10/05/08    Page 5 of 11

16. Section 345 of the Bankruptcy Code requires that any deposit or other investment made by Debtor, except those insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States, must be secured by a bond in favor of the United States or a corporate surety approved by the United States Trustee or the deposit of securities of the kind specified in 31 U.S.C. § 9303.

17. At this time, Debtor does not seek a waiver of any of the requirements of 11 U.S.C. § 345. Debtor will work with the United States Trustee's office for the District of Kansas to develop a program for maintenance of its accounts in accordance with the Bankruptcy Code. Debtor, however, reserves the right to request at a later date that this Court waive certain requirements of § 345 in a motion for order approving investment guidelines.

18. Bankruptcy courts frequently authorize the Debtor to use its existing depository and disbursement accounts. See e.g., In re Farmland Industries, Inc., Case No. 02-50557 (Bankr. W.D. Mo., June 5, 2002); In re Interco Inc., Case No. 91-40442 (Bankr. E.D. Mo. Jan. 25, 1991) (Motion Letter H); In re Trans World Airlines, Inc., Ch. 11 Case No. 95-43748 (Bankr. E.D. Mo. July 3, 1995) (authorizing TWA to use existing business forms without alteration or change); Apex Oil Co., Ch. 11 Case No. 87-43804 (Bankr. E.D. Mo. 1987); In re Federated Dep't Stores, Inc., 1990 Bankr. LEXIS 72 (Bankr. S.D. Ohio Jan. 15, 1990) (available on LEXIS, Genfed library, FDS file); In re Grant Broadcasting of Philadelphia, Inc., 75 Bankr. 819, 820 (E.D. Pa. 1987) (decision referred to order authorizing use of cash collateral and pre-petition bank accounts).

19. It is essential to the Debtor while it is continuing to negotiate debtor-in-possession financing and reorganization that there be minimal disruption to its ordinary business

affairs.  Significantly, the Cash Management System utilized by Debtor is familiar to Debtor, The Peoples Bank at which it maintains the accounts, and its employees.

20. In addition, the Court should authorize Debtor to continue to use its checks and other business forms related to Debtor's existing bank accounts without requiring Debtor to imprint the legend "Debtor in Possession" on those forms.  Given the provision for at least a 100-check gap between pre-petition and post-petition checks, there is no risk of payment confusion by The Peoples Bank.  Consequently, no reasonable justification exists for labeling Debtor with such a scarlet letter designation, and the cost associated with the change is unjustified.  See e.g., In re Johnson, 106 Bankr. 623 (Bankr. D. Neb. 1989) (Debtors not required to obtain new checks imprinted with "Debtor in Possession").  In re Trism, Inc; Case No. 01-31323 (Bankr. W.D. Mo. December 19, 2001); In re Houlihan's Restaurants, Inc., Case No. 02-40359 (Bankr. W.D. Mo. January 25, 2002).  In re Food Barn Stores, Inc.; Case No. 93-40012 (Bankr. W.D. Mo. Jan. 7, 1993); In re Interco Inc., Case No. 91-4-40442 (Bankr. E.D. Mo. Jan. 25, 1991) (Motion Letter H); In re Federated Dep't Stores, Inc., 1990 Bankr. LEXIS 72 (Bankr. S.D. Ohio Jan. 15, 1990) (available on LEXIS, Genfed library, FDS file).

WHEREFORE, Debtor respectfully requests that the Court enter an Order:

(A) Authorizing Debtor to maintain its existing Cash Management System;

(B) Authorizing Debtor to continue to utilize its existing accounts with the proposed numerical gap in pre- and post-petition check numbers for the main operating account, and directing The Peoples Bank where those accounts are maintained to allow transfers to be made from and deposits to be placed in those accounts in the same manner as transfers and deposits were made prior to the Petition Date;

7
KC01DOCS\904608.1
Case 08-22579    Doc# 8    Filed 10/05/08    Page 7 of 11

(C) Approving Debtor's investment and deposit practices and authorizing the institutions and depositories used by Debtor to accept deposits and hold or invest funds of Debtor;

(D) Approving the use of Debtor's existing business forms without the necessity of placing the legend "Debtor in Possession" on those forms; and

(E) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Laurence M. Frazen
Laurence M. Frazen          KS Fed. #70114
Tammee E. McVey             KS #14972
3500 One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300

Attorneys for Debtor and Debtor in Possession

**EXHIBIT A**

| Bank Name | Bank Address | Account # | Name on Account and Type of Account |
|---|---|---|---|
| The Peoples Bank | The Peoples Bank<br>Attn: Regina Brubaker<br>P.O. Box B<br>Pratt, KS 67124-1102 | 01-748-6 | Gateway Ethanol, L.L.C.<br>Main Operating Account |
| The Peoples Bank | The Peoples Bank<br>Attn: Regina Brubaker<br>P.O. Box B<br>Pratt, KS 67124-1102 | 01-870-2 | Gateway Ethanol, L.L.C.<br>Control Account |
| The Peoples Bank | The Peoples Bank<br>Attn: Regina Brubaker<br>P.O. Box B<br>Pratt, KS 67124-1102 | 01-904-3 | Gateway Ethanol, L.L.C.<br>401(k) Account |

# EXHIBIT B

Tammee E. McVey
Phone: (816) 374-3200
temcvey@bryancave.com

October 5, 2008

**VIA E-MAIL (customerservice@thepeoplesbank.net)**

**AND OVERNIGHT DELIVERY**

The Peoples Bank
Attn: Regina Brubaker
222 South Main
P.O. Box B
Pratt, KS 67124-1102

    Re:    GATEWAY ETHANOL, L.L.C.

Dear Madam:

Please be advised that Gateway Ethanol, L.L.C.("Debtor"), filed for Chapter 11 relief on October 5, 2008, in the District of Kansas, and is being administered under Case Number 08-22579-DLS.

Pursuant to bankruptcy law, as you can confirm with your attorneys, you should not honor any checks drawn on the above-referenced accounts, issued before October 5, 2008, unless otherwise ordered by the United States Bankruptcy Court. Debtor will be issuing checks on such accounts dated October 6, 2008, and thereafter, which must be honored by the Bank in the ordinary course of business. To assist you in this first month of the case in distinguishing pre- and post-petition checks, Debtor will be using a higher check stock number. Any check below this designated number should not be honored absent Bankruptcy Court authorization. Listed below are the first check numbers for each referenced account:

| Account Number | Purpose/Description | Post-Petition Starting Check Number | Related Funding Account |
|---|---|---|---|
| 01-748-6 | Main Operating Account | 2460 | None |
| 01-870-2 | Control Account | N/A | None |
| 01-904-3 | 401 (k) Account | N/A | None |

KC01DOCS\904608.1

We anticipate obtaining a special Bankruptcy Court Order this week authorizing you to honor pre-petition payroll checks. Once we obtain such an Order, we will forward a copy to you immediately.

Should you have any questions, please contact the undersigned at (816) 374-3200.

Very truly yours,


Tammee E. McVey


cc: Ted Loomis