UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| GATEWAY ETHANOL, L.L.C. | ) | Case No. 08-22579-DLS |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION FOR AUTHORITY TO PERFORM OBLIGATIONS
NECESSARY TO MAINTAIN EXISTING INSURANCE**

COMES NOW, Gateway Ethanol, L.L.C., the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), by and through its counsel, and hereby requests that the Court enter an Order authorizing the Debtor to (a) maintain insurance policies and agreements currently in effect and (b) honor obligations in respect thereof pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code. Because the "United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases" (the "U.S. Trustee's Guidelines") require the Debtor to maintain insurance, the Debtor requests that this Motion be granted by the Court. In support of this Motion, Debtor relies on the Affidavit of Frederick S. Loomis in Support of First Day Applications and Motions (the "Loomis Affidavit"). In further support of this Motion Debtor respectfully represents as follows:

A.  **INTRODUCTION**

1. On even date with the filing of this Motion (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"). Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

3. Debtor has filed this Motion and an <u>Emergency Motion for Expedited Hearing on Certain Motions and Applications</u> (the "Hearing Motion"). Included within the Hearing Motion is this Motion.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. BACKGROUND OF DEBTOR

5. The background of this case may be found in the Loomis Affidavit.

6. The Debtor maintains various insurance policies (collectively, the "Insurance Policies") through several third-party insurance carriers (the "Insurance Carriers"), as set forth in <u>Exhibit A</u> hereto. By this Motion, the Debtor seeks authority to maintain the Insurance Policies and practices related thereto. The Debtor also seeks authority to pay any obligations that come due under the Insurance Policies, including premiums and fees.

### C. LEGAL ANALYSIS

7. Pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code, the Debtor seeks authorization to: (i) maintain and continue to make all post-petition payments (including post-petition fees and premiums), if any, with respect to the Insurance Policies on an uninterrupted basis; and (ii) maintain and continue on an uninterrupted basis the Debtor's pre-petition practices with respect to each policy or contract.

2

KC01DOCS\904612.1

Case 08-22579    Doc# 10    Filed 10/05/08    Page 2 of 6

8. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code.

9. The Debtor must be permitted to maintain the Insurance Policies. If the Insurance Policies are allowed to lapse, the Debtor will be exposed to substantial liability for any damages or losses resulting to persons and property of the Debtor and others. The U.S. Trustee's Guidelines and applicable state law also require the Debtor to maintain the Insurance Policies.

10. Moreover, if post-petition installment payments are not paid as they come due, the Insurance Carriers could seek relief from the automatic stay to terminate the Insurance Policies. If the Insurance Carriers succeed in such a request, the Debtor would be forced to seek replacement insurance coverage. Even if the Debtor was able to purchase replacement insurance coverage, it is doubtful that the Debtor would be able to do so on terms and conditions as favorable as those presently in place under the current Insurance Policies. Moreover, given the current circumstances, there is no assurance that the Debtor would be able to obtain replacement insurance quickly enough to prevent a lapse in coverage.

11. The Insurance Policies provide the Debtor with essential insurance coverage. Any interruption in such coverage would expose the Debtor to serious risks,

including: (a) the possible incurrence of direct liability for the payment of claims that otherwise would have been payable by the Insurance Carriers; (b) the possible incurrence of material costs and other losses that otherwise would have been reimbursed by the Insurance Carriers; (c) the possible inability to obtain similar types and levels of insurance coverage; and (d) the possible incurrence of higher costs for re-establishing lapsed policies or obtaining new insurance coverage.

12. For these reasons, the Debtor believes that maintaining continued and uninterrupted insurance coverage under the favorable terms and conditions provided by the Insurance Carriers clearly is in the best interests of the Debtor, its estate and its creditors. Accordingly, the Debtor seeks authority to pay all of the post-petition installment payments as they come due.

13. Nothing herein shall constitute an admission that any policies, agreements or other contracts described herein are "executory contracts" for purposes of § 365 or otherwise of the Bankruptcy Code. To the extent that any Insurance Policy or any other agreement, policy or contract described herein, is deemed an executory contract within the meaning of § 365 of the Bankruptcy Code, the Debtor does not, at this time, intend to assume such agreements. Court authorization of payments will not be deemed to constitute post-petition assumption or adoption of an Insurance Policy or any of the other agreements subject to this Motion as an executory contract pursuant to § 365 of the Bankruptcy Code. The Debtor will review the Insurance Policies and other agreements and reserve all of its rights under the Bankruptcy Code with respect thereto.

### D. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

(A) Authorizing the Debtor to the maintain insurance policies and agreements currently in effect;

(B) Authorizing the Debtor to honor obligations in respect of such insurance policies and agreements pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code; and

(C) Granting such other and further relief as it deems just and proper.

Respectfully submitted,

BRYAN CAVE LLP

By:  /s/ Laurence M. Frazen
 Laurence M. Frazen    KS Fed. #70114
 Tammee E. McVey    KS #14972
 3500 One Kansas City Place
 1200 Main Street
 Kansas City, Missouri 64105
 Telephone: (816) 374-3200
 Facsimile: (816) 374-3300

Attorneys for Debtor and Debtor in Possession

# Exhibit A

## Insurance Policies

| Type of Insurance | Carrier |
|---|---|
| Facility insurance, including the following types identified below and on the attached <u>Schedule A</u>, and purchased through Broker:<br><br>Commercial Property<br>General Liability<br>Automobile<br>Workers Compensation<br>Umbrella Liability<br>Railroad Liability<br>Railroad Cars Inland Marine<br>Pollution<br>Directors & Officers Liability | The Plexus Groupe, Inc.     (Broker)<br>21805 Field Parkway<br>Suite 300<br>Deer Park, IL  60010<br><br>Helen Anderson<br>(847) 541-9980 ext 112 |
| Health Insurance | Coventry Health & Life Ins. Co.<br>8320 Ward Parkway<br>Kansas City, MO  64114 |
| Dental Insurance | Delta Dental<br>1619 N Waterfront Parkway<br>P O Box 789769<br>Wichita, KS  67278-9769 |
| Vision Insurance | Vision Care Direct<br>2178 S. 900 East, Suite #4<br>Salt Lake City, UT  84106 |
| Supplemental Insurance | Assurant Employee Benefits<br>P.O. Box 843300<br>Kansas City, MO 64184-3300 |