UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| GATEWAY ETHANOL, L.L.C. | ) | Case No. 08-22579-DLS |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION FOR ORDER APPROVING DEBTOR'S
METHOD OF FURNISHING ADEQUATE ASSURANCE
OF PAYMENT FOR POSTPETITION UTILITY SERVICES**

**COMES NOW** Gateway Ethanol, L.L.C., debtor and debtor in possession ("Debtor"), and submits its Emergency Motion for Order Approving Debtor's Method of Furnishing Adequate Assurance of Payment for Postpetition Utility Services (the "Motion"). In support of this Motion, Debtor relies on the Affidavit of Frederick S. Loomis in Support of First Day Applications and Motions (the "Loomis Affidavit"). In further support of this Motion, Debtor respectfully represents as follows:

A.   **BACKGROUND FACTS**

1. On even date with the filing of this Motion (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"). Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

3. Debtor has filed this Motion and an <u>Emergency Motion for Expedited Hearing on Certain Motions and Applications</u> (the "Hearing Motion"). Included within the Hearing Motion is this Motion.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Background of the Debtor

5. The background of this case may be found in the Loomis Affidavit.

6. In connection with the operation of its business, Debtor obtains electricity, natural gas, water, telephone and other similar services from several utility companies or utility divisions. Any interruption in these services would seriously disrupt Debtor's normal day-to-day operations, thereby causing potentially irreparable harm to the reorganization of Debtor. **Exhibit A** is a list of all the utility companies that provide services to Debtor. The utility companies identified in Exhibit A with respect to their function as providers of utility services shall be referred to as the "Utilities."

7. The Utilities service Debtor's headquarters and plant. Without utilities, Debtor's facilities would be inoperable. Utility services are essential to Debtor's ability to reorganize.

8. Before the Petition Date, Debtor maintained relatively good payment histories with most of the Utilities. However, Debtor has fallen behind in paying some of the Utilities, and as of the Petition Date, there are arrearages owed to a few of the Utilities. Kansas Gas Service, a Division of ONEOK, Inc. currently holds a $30,000 deposit from Debtor for gas service. Ninnescah Electric currently holds a $36,000 deposit from Debtor for electric service.

9. 11 U.S.C. § 366 governs the rights and obligations of utility companies providing services to Debtor.

10. On the Petition Date, Debtor's counsel faxed and mailed to each utility an adequate assurance letter furnishing assurance that Debtor will timely pay all invoices for post-petition service in the manner set forth herein. A copy of the adequate assurance letter is attached hereto as **Exhibit B**. Debtor's counsel will also send a notice of hearing on this Motion by facsimile to the Utilities.

### B. RELIEF REQUESTED

11. In accordance with 11 U.S.C. § 366, Debtor believes that the following offer to provide adequate assurance of payment to the Utilities is sufficient to preclude unilateral termination by a utility under 11 U.S.C. § 366(b):

   (a) Debtor shall provide a cash deposit to each utility company equivalent to a two month's average bill;

   (b) Debtor shall timely pay for all post-petition utility services pursuant to the terms of the invoices and billing statements generated by the utility companies in the ordinary course of business;

   (c) In the event that Debtor fails to timely pay for post-petition utility service per an invoice, Debtor shall have a ten (10)-day period to cure such nonpayment, which ten (10)-day period shall begin to run automatically from the date of the non-payment notice from the utility company;

   (d) Should Debtor fail to pay the invoice within the ten (10)-day time period after receipt of notice of default, the utility company shall be entitled to alter, refuse or discontinue service, without further Court order;

   (e) If a utility company maintains more than one account for Debtor, the failure to pay for post-petition utility services with respect to one account shall not be deemed a failure to pay or "cross-default" with respect to any other account, provided that such other account is being paid. Each failure to pay, and the ability to alter, refuse or discontinue service shall arise on a per account basis; and

   (f) To the extent that a utility company provides post-petition services that are unpaid, such utility company shall be entitled to an administrative claim, pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2), payable upon confirmation of a plan of

3

reorganization or such earlier date as determined by the Court. Further, existing deposits held by Debtor's utility providers may be offset against any past-due pre-petition or post-petition invoice without necessity of court order or prior notice to creditors.

12. Debtor believes that these provisions provide the Utilities with "adequate assurance" of payment under 11 U.S.C. § 366, as amended.

13. This Motion does not seek to preclude any utility from subsequently petitioning the Court for a reasonable modification of this adequate assurance proposal, or from seeking additional deposits or other security necessary to provide adequate assurance of payment, after notice and hearing, pursuant to 11 U.S.C. § 366. This Motion simply seeks a judicial determination that Debtor's offer of adequate assurance precludes unilateral termination of services by any utility after the twenty-day and thirty-day periods prescribed by 11 U.S.C. § 366 have lapsed.

14. Debtor represents that it will pay all post-petition obligations, including utility bills, when due. If any delay occurs, the assurances proposed herein will more than provide sufficient protection to the utility companies providing post-petition services. Additionally, should a utility company feel it is at risk, it may negotiate for more security with Debtor and, absent an agreement, may file a motion with the Court seeking additional security.

### C. ALTERNATIVE RELIEF

15. As an alternative to Debtor's proposed adequate assurance methodology, Debtor requests that the Court extend the time specified in 11 U.S.C. § 366(c)(2) from thirty (30) days to ninety (90) days to accord Debtor sufficient time to make alternative arrangements with its utility companies without necessity for Court intervention. During such extension, Debtor will continue to pay, on a timely basis, all post-petition utility invoices.

16. This extension is not sought for the purposes of delay, but to allow Debtor sufficient time to reach an amicable resolution of the adequate assurance issue under 11

4

KC01DOCS\904613.1

Case 08-22579    Doc# 11    Filed 10/05/08    Page 4 of 8

U.S.C. § 366. Such extension will facilitate a mutually agreeable arrangement between the parties on a case-by-case basis without undue litigation expense and cost. During such negotiation period, Debtor requests that the prohibition of 11 U.S.C. § 366(a) against unilateral termination or modification of utility services remain in effect.

WHEREFORE, Debtor respectfully requests that the Court enter an order:

(1) Approving Debtor's proposed method of providing adequate assurance of payment for post-petition utility services;

(2) Prohibiting any utility company from unilaterally altering, refusing or discontinuing utility services to Debtor so long as Debtor is in compliance with this procedure, subject to subsequent modification by the Court after notice and hearing;

(3) Alternatively, that the Court extend the time within which Debtor must provide adequate assurance of payment under 11 U.S.C. § 366(c)(2) from thirty (30) days to ninety (90) days following the date of the petition herein and prior to which no utility may terminate service; and

(4) For such other relief as is just and proper.

Respectfully submitted,

BRYAN CAVE LLP

By:   /s/ Laurence M. Frazen
     Laurence M. Frazen    KS Fed. #70114
     Tammee E. McVey     KS #14972
     BRYAN CAVE LLP
     3500 One Kansas City Place
     1200 Main Street
     Kansas City, Missouri 64105
     Telephone: (816) 374-3200
     Facsimile: (816) 374-3300

Attorneys for Debtor and Debtor in Possession

5
KC01DOCS\904613.1
Case 08-22579   Doc# 11   Filed 10/05/08   Page 5 of 8

**Exhibit A
To
Emergency Motion to Approve Debtor's
Method of Furnishing Adequate Assurance
<u>of Payment for Postpetition Utility Services</u>**

## GATEWAY ETHANOL, L.L.C.

| Vendor # | Vendor Name | Vendor Address | Vendor Phone | Vendor Fax | Acct # | Detail |
|---|---|---|---|---|---|---|
| SCTE | SC Telcom | 214 S. Main St. P O Box 307 Pratt KS 67124 | 620-933-1000 | 620-930-1050 Attn: Customer Accounts | 16400 | Phone/Internet Provider |
| NIEL | Ninnescah Electric | 20112 W. Hwy 54 P O Box 967 Pratt KS 67124 | 620-672-5538 | 620-672-6852 | 730300 730400 | Electricity |
| CIPR | City of Pratt | 126 S. Main St. Box 807 Pratt KS 67124 | 620-672-6446 | 620-672-6415 | 54-1785-00 | Water |
| KSGA | Kansas Gas Service c/o ONEOK, INC. | ONEOK Plaza 100 West Fifth Street Tulsa, OK 74103 | 918-588-7000 | 785-271-3085 | 512052745199851845 | Gas |
| NIBR | Nisley Brothers Trash Service | 5212 S Herren Rd Hutchinson KS 67501 | 866-662-6561 | 620-662-6833 | 119518 | Trash Service |

**Exhibit B**
**To**
**Emergency Motion to Approve Debtor's Method of Furnishing**
**Adequate Assurance of Payment for Postpetition Utility Services**

ADEQUATE ASSURANCE LETTER

October 5, 2008

To:     All Utility Providers

    *Re:     Gateway Ethanol, L.L.C., - Adequate Assurance of Future Payment*

Dear Utility Provider:

    Please be advised that on October 5, 2008, Gateway Ethanol, L.L.C., ("Debtor"), filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Kansas which is being administered under Case No. 08-22579-DLS.

    Debtor wishes to assure its utility providers that adequate assurance of future payment pursuant to 11 U.S.C. §366 shall be provided to all utility providers through the following methods:

    (a)     Debtor shall provide a cash deposit to each utility company equivalent to a two month's average bill;

    (b)     Debtor shall timely pay for all post-petition utility services pursuant to the terms of the invoices and billing statements generated by the utility companies in the ordinary course of business;

    (c)     In the event that Debtor fails to timely pay for post-petition utility service per an invoice, Debtor shall have a ten (10)-day period to cure such nonpayment, which ten (10)-day period shall begin to run automatically from the date of the non-payment notice from the utility company;

    (d)     Should Debtor fail to pay the invoice within the ten (10)-day time period after receipt of notice of default, the utility company shall be entitled to alter, refuse or discontinue service, without further Court order;

    (e)     If a utility company maintains more than one account for Debtor, the failure to pay for post-petition utility services with respect to one account shall not be deemed a failure to pay or "cross-default" with respect to any other account, provided

that such other account is being paid. Each failure to pay, and the ability to alter, refuse or discontinue service shall arise on a per account basis; and

(f) To the extent that a utility company provides post-petition services that are unpaid, such utility company shall be entitled to an administrative claim, pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2), payable upon confirmation of a plan of reorganization or such earlier date as determined by the Court. Further, existing deposits held by Debtor's utility providers may be offset against any past-due pre-petition or post-petition invoice without necessity of court order or prior notice to creditors.

(g) Any utility is free to file a motion to modify the form of adequate assurance set forth herein as to such utility, however, no utility company may alter, refuse or discontinue postpetition utility service as long as Debtor is complying with the terms of adequate assurance as set forth in the Order Approving Debtor's Method of Furnishing Adequate Assurance of Payment for Post-Petition Utility Services (the "Order"), unless such utility seeks a modification of the adequate assurance provisions of the Order and this Court, after notice and hearing, grants such modification; and

(h) Debtor is expressly authorized to enter into adequate assurance agreements with its utility providers without seeking leave of this Court.

Should you have any questions or concerns with regard to the above, please do not hesitate to contact the undersigned at your convenience. We appreciate your support and look forward to continuing a mutually beneficial relationship.

Very truly yours,


Tammee E. McVey


cc: