UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| In re: | ) | In Proceedings Under Chapter 11 |
|---|---|---|
| | ) | |
| GATEWAY ETHANOL, L.L.C. | ) | Case No. 08-22579-DLS |
| | ) | |
| Debtor. | ) | |

**MOTION FOR AN ORDER (A) AUTHORIZING DEBTOR TO OPERATE ITS BUSINESS AND (B) IMPLEMENTING THE AUTOMATIC STAY**

**COMES NOW** Gateway Ethanol, L.L.C., debtor and debtor in possession ("Debtor"), and submits its Motion for an Order (A) Authorizing Debtor to Operate Its Business and (B) Implementing the Automatic Stay (the "Motion"). In support of this Motion, Debtor respectfully states as follows:

### INTRODUCTION

1. On even date with the filing of this Motion (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"). Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

3. Debtor has filed this Motion and an Emergency Motion for Expedited Hearing on Certain Motions and Applications (the "Hearing Motion"). Included within the Hearing Motion is this Motion.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND OF THE DEBTOR

5. The background of this case may be found in the Affidavit of Frederick S. Loomis, also filed on the Petition Date.

## RELIEF REQUESTED

6. Section 1108 of the Bankruptcy Code authorizes a trustee to operate the business and manage the properties of the estate in the ordinary course of business. 11 U.S.C. § 1108. Section 1107(a) of the Bankruptcy Code provides that, with certain exceptions not relevant here, a debtor in possession has all of the rights, powers, and duties of a trustee in a case under Chapter 11. 11 U.S.C. § 1107. Accordingly, Debtor is authorized under the Bankruptcy Code to operate its business and manage its properties in the ordinary course of its business without court approval. Debtor may nevertheless find that certain parties may be reluctant to continue or resume their business relationships with Debtor without evidence that Debtor is indeed so authorized.

7. Accordingly, Debtor respectfully requests that the Court enter an order, pursuant to 11 U.S.C. § 105(a), that will serve to notify the parties with whom Debtor does business or plans to resume business: (a) that Debtor is authorized to continue operating its business and managing its properties; (b) that, in the course of those operations, Debtor has the power to enter into all transactions (including obtaining services, supplies and inventories) that it could have entered into in the ordinary course of its business had there been no bankruptcy filing; and (c) that suppliers and other parties may continue to engage in transactions with Debtor

in the ordinary course of business in the same manner and upon the same terms and conditions as it did before the filing.

8. The Bankruptcy Code provides Debtor with various protections from its creditors. Specifically, Section 362(a) of the Bankruptcy Code provides for an automatic stay of:

(a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtor that arose before the commencement of the case under this title;

(b) the enforcement, against the Debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(c) any act to obtain possession of property of the estates or to exercise control over property of the estate;

(d) any act to create, perfect, or enforce any lien against property of the estate;

(e) any act to create, perfect, or enforce any lien against property of the Debtor to the extent that such lien secures a claim that arose before the commencement to the case under this title;

(f) any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title;

(g) the setoff of any debt owing to the Debtor that arose before the commencement of the case under this title against any claim against the Debtor; and

(h) the commencement or continuation of a proceeding before the United States Tax Court concerning the Debtor.

9. Creditors unfamiliar with the automatic stay may attempt to proceed against Debtor's property despite the commencement of this Chapter 11 case. Any such unilateral self-help action could jeopardize Debtor's reorganization efforts and result in irreparable harm to Debtor's estate and other parties in interest. Although the stay arises by operation of law, Debtor believes that a court order is necessary and helpful to ensure creditor compliance with the stay. Accordingly, Debtor respectfully requests that the Court enter an order, pursuant to 11 U.S.C. §§ 105, 362 and 366 of the United States Bankruptcy Code, to confirm the applicability of the automatic stay.

10. Section 105 of the Bankruptcy Code provides, in pertinent part, that the "court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Therefore, this Court has the power to enter orders of the kind requested herein. Debtor respectfully submits that such orders are appropriate and necessary to provide creditors with notice of the automatic stay, and to provide additional protection for Debtor's assets.

11. In light of the foregoing, Debtor believes that the relief requested in this Motion is appropriate and is in the best interests of Debtor, its estates and creditors.

12. Courts have granted this type of relief because of the importance of the automatic stay to preserve operations and avoid disruption of services. <u>See</u>, <u>e.g.</u>, <u>In re Valley Food Services, LLC</u>, No. 06-50038 (Bankr. W.D. Mo., February 15, 2006) (entering an order implementing the automatic stay); <u>In re Farmland Industries, Inc.</u>, Case No. 02-50557 (Bankr. W.D. Mo., June 6, 2002)(same); <u>In re Trans World Airlines, Inc.</u>, No. 95-43748-399 (Bankr.

KC01DOCS904615.1

4

Case 08-22579    Doc# 14    Filed 10/05/08    Page 4 of 5

E.D. Mo. July 3, 1995)(same); In re Pan Am Corp., et al., No. 91 B 10080 through 91 B 10087 (Bankr. S.D.N.Y. Jan. 8, 1991) (same).

**WHEREFORE,** Debtor respectfully requests that the Court enter an Order, authorizing Debtor to operate its business, confirming the applicability of the automatic stay, and granting such further relief as is just and proper.

Respectfully submitted,

BRYAN CAVE LLP

By:   /s/ Laurence M. Frazen
     Laurence M. Frazen    KS Fed. #70114
     Tammee E. McVey     KS #14972
     BRYAN CAVE LLP
     3500 One Kansas City Place
     1200 Main Street
     Kansas City, Missouri 64105
     Telephone: (816) 374-3200
     Facsimile: (816) 374-3300

Attorneys for Debtor and Debtor in Possession

KC01DOCS904615.1      5
Case 08-22579    Doc# 14    Filed 10/05/08    Page 5 of 5