**SO ORDERED.**

**SIGNED this 11 day of February, 2011.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Not designated for on-line or print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**GATEWAY ETHANOL, L.L.C.,**<br><br>**DEBTOR.** | CASE NO. 08-22579<br>CHAPTER 11 |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEBTOR'S MOTION TO DISMISS**

The matter under advisement is the Motion to Dismiss or in the Alternative Convert to Chapter 7 (hereafter "Motion")[1] filed by Gateway Ethanol, L.L.C., Debtor and Debtor in Possession.[2] Creditor Indeck Power and Equipment Company (hereafter "Indeck") requests

---

[1] Doc. 738.

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy

the Court to deny the Motion, or at the most grant conversion from Chapter 11 to Chapter 7.[3] For the reasons stated below, the Court grants the motion to dismiss.

The Motion is brought pursuant to 11 U.S.C. § 1112(b)(1), which provides in relevant part:

> . . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Although a list of 16 events constituting "cause" for dismissal or conversion is codified in § 1112(b)(4)(A) through (P), the listed circumstances are not exclusive.[4] Under section 1112(b), "a bankruptcy court has broad discretion to convert a Chapter 11 case to a Chapter 7 proceeding or to dismiss a case for several causes."[5] "Under § 1112(b)(2), the bankruptcy court may dismiss or convert a Chapter 11 case if the debtor is unable to

---

Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion to dismiss is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

[3] Doc. 799. There are no other objections to the Motion.

[4] *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989).

[5] *Small Business Administration v. Preferred Door Company, Inc. (In re Preferred Door Co., Inc.)*, 990 F.2d 547, 549 (10th Cir.1993).

2

effectuate a plan, which means that the debtor lacks the ability to formulate a plan or to carry one out."[6]

**CAUSE TO DISMISS OR CONVERT EXISTS.**

Gateway Ethanol, a Kansas limited liability company formed to construct, manage, and operate an ethanol plant, filed a voluntary petition under Chapter 11 on October 5, 2008. Following a hearing on December 18, 2008, the Court on January 5, 2009, approved the sale of substantially all of Debtor's assets to Dougherty Funding under § 363. The closing of the sale was delayed pending resolution of objections of Lurgi, Indeck, and Rafferty. The asset sale was closed on June 30, 2010, and the Motion to dismiss or convert was filed on the same date. The Court delayed taking the Motion under advisement until resolution of Indeck's motion for disgorgement of administrative expenses paid to other parties to provide a source of funds to pay Indeck's claim for administrative expenses. After that issue was resolved adversely to Indeck, meaning that there is no source of funds in the Chapter 11 case to pay Indeck's claim, the Motion was placed under advisement.

There is no question that cause to dismiss or convert exists in this case. There is no business to reorganize. The assets transferred to Dougherty included all prepetition claims and all causes of action under Chapter 5 of the Bankruptcy Code. There are no pending actions seeking to recover assets for the estate. All funding for this case was

---

[6] *Hall v. Vance*, 887 F.2d at 1044.

3

provided by Dougherty, and it is not willing to advance any additional funds. As stated above, disgorgement of administrative expenses paid to other claimants has been rejected.

When contending that cause is not present, Indeck argues that the case was not filed or pursued for a valid bankruptcy purpose, since, according to Indeck, from the commencement of the case Debtor and Dougherty allegedly knew that funding would only be provided to facilitate the § 363 sale and the Debtor would lack the funds to complete the Chapter 11 plan process. Indeck states, "The crux of the problem is that Gateway has been treating its chapter 11 as if it were a chapter 7 liquidation." Of course, this argument is wide of the mark; use of Chapter 11 to liquidate businesses is well established. Dougherty as DIP lender has every right to decide what funds it will advance to Debtor and for what purposes. No lack of good faith or misuse of the Code has been shown.

**DISMISSAL RATHER THAN CONVERSION TO CHAPTER 7 IS APPROPRIATE IN THIS CASE.**

Once cause is found, § 1112 requires the Court to determine whether dismissal or conversion is in "best interests of creditors and the estate." Once the threshold is passed and cause is found to exist, the decision whether to convert to Chapter 7 or to dismiss is committed to the discretion of the bankruptcy court.[7] The standard for choosing conversion or dismissal based on "the best interest of creditors and the estate" implies a

---

[7] S. Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903; *see Hall v. Vance*, 887 F.2d at 1044.

balancing test to be applied through case-by-case analysis.[8] The element of the best interest of creditors requires the Court to consider which alternative would be most advantageous to the parties.[9] The element of the best interest of the estate focuses upon whether the economic value of the estate is greater inside or outside of bankruptcy.[10]

When applying the best interests of creditors test, the Court observes that Indeck is the only party objecting to dismissal. Indeed, even during the course of this case, the great majority of creditors other than Indeck have been able to resolve their issues without the need for Court intervention. The United States Trustee does not oppose dismissal. To determine the best interests of creditors, the Court therefore focuses upon Indeck, which for purposes of its opposition to the Motion will be considered to be the holder of a substantial administrative claim. As the Court has previously ruled, Indeck's claim cannot be paid by the Chapter 11 estate. Indeck therefore argues that the case should be converted to Chapter 7 because of the possibility that assets would become available for its benefit. Indeck states that "an independent trustee can examine and investigate all potential causes of action Gateway may have against third-parties, including the legitimacy of the sale of the bankruptcy estate's chapter 5 actions, as well as potential

---

[8] *See In re OptInRealBig.com, LLC*, 345 B.R. 277, 290 (Bankr. D. Colo. 2006).

[9] 7 *Colliers on Bankruptcy* ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2010).

[10] *In re OptInRealBig.com, LLC*, 345 B.R. at 290.

5

causes of actions against Gateway as a debtor-in-possession and Dougherty."[11] The problem with this argument is that Indeck recites nothing more than the powers and duties of a Chapter 7 Trustee; there is no suggestion that any such claims exist. The sale to Dougherty was approved by the Court after notice and hearing; transfer of the Chapter 5 claims was approved by the Court. The actions of Gateway and Dougherty have been subject to the scrutiny appropriate in a Chapter 11 case, and there have been no suggestions of wrongdoing. There is no basis from which the Court can conclude that Indeck would benefit from conversion to Chapter 7.

Likewise, there is no basis to conclude that the estate would benefit from conversion to Chapter 7. As pointed out above, the estate has no assets. Its tangible and intangible property, including its prepetition claims and Chapter 5 causes of action have been sold to Dougherty. There is no source from which assets could be recovered. There is nothing to liquidate. There would be no benefit to the estate from conversion to Chapter 7.

**CONCLUSION.**

The Court therefore concludes that this case should be dismissed under § 1112 (b)(1). Cause to convert or dismiss exists, and the best interests of creditors and the estate would be served by dismissal.

---

[11] Doc. 799, p. 8.

6

Case 08-22579    Doc# 801    Filed 02/11/11    Page 6 of 7

When filing the Motion on June 30, 2010, Gateway requested that an order of dismissal include authority for Dougherty to disburse certain funds for fees and expenses incurred and/or accrued but unpaid as of June 30, 2010.  Because of the substantial likelihood that the request is now out of date, the Court will not enter an order of dismissal at the time and requests that counsel of Gateway or Dougherty draft and present to the Court an order of dismissal including the approval for disbursement now appropriate.

It is hereby ordered that Gateway or Dougherty submit an Order of Dismissal consistent with this Memorandum Opinion and Order within 14 days.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of  Civil Procedure applicable to this matter.

**IT IS SO ORDERED.**

###